# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2022

Lyle W. Cayce
Clerk

No. 21-51247

United States of America,

*Plaintiff—Appellee*,

*versus*

Giovanny Sanchez-Juarez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-806-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Giovanny Sanchez-Juarez appeals his conviction and sentence for illegal reentry after deportation under 8 U.S.C. §§ 1326(a) and (b)(1). Sanchez-Juarez argues that treating a prior felony or aggravated felony conviction that increases the statutory maximum under § 1326(b) as a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentencing factor, rather than a separate element of the offense, violates the Constitution.

Sanchez-Juarez correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief.

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper. Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED AS MOOT.